UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>                   Plaintiff,<br><br>       v.<br><br>DYER, *et al.*,<br><br>                   Defendants. | Case No. 1:24-cv-01288-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

   Plaintiff Candace Smith ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 22, 2024, appears to seek to hold Defendant Jerry Dyer and Margaret Mims liable for, among other things, attempted murder, stalking, invasion of privacy, and sexual assault. (ECF No. 1).

   Plaintiff's complaint is now before the Court for screening. Upon review, the Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a) and the Court lacks subject-matter jurisdiction over this action. Additionally, as further explained below, Plaintiff frequently makes filings with the Court that are often dismissed upon repeated identifications of

1

deficiencies in filings that are not corrected. Accordingly, the Court recommends that this action be dismissed without prejudice and without granting leave to amend.

## I.     SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

In the statement of claim, Plaintiff's complaint states:

[Recent event sent cop to murder me at University inn hotel][1] Upon such asking Margret Mims & Jerry Dyer to stop sending there cops to rape & drug me physical & spiritual psychological damages ongoing ridiculs harassment & stalking.

Its believe Jerry has hired special people to steal robb harres and stalk Plaintiff. Continue making money of Plaintiff legacy.

(1) Stalking

---

[1] This allegation was indicated by a line connecting it to the Statement of Claim in Plaintiff's complaint. Its inclusion has been indicated by the Court in brackets. (ECF No. 1 at 5).

2

    (2) Attempted murder druggings

    (3) using power & influence to get sex from myself & my ex

    (4) using hospital to drug & murder us

    (5) using special undercovers watch's take pictures of private parts

    (6) hacking invading privacy tracking & attacking

(ECF No. 1 at 5). Plaintiff seeks "monetary & medical, psychological damages," in the amount of $600,000. (*Id.* at 6-7).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Rule 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint is not a short and plain statement of her claims. Plaintiff sets forth no facts in her complaint to support her allegations, exclusively relying on conclusory statements, and it is unclear what Plaintiff is alleging and against whom. Accordingly, the Court finds that Plaintiff's complaint fails to comply with Rule 8(a).

#### B. Subject-Matter Jurisdiction

A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the] case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure

1  12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the
2  [C]ourt must dismiss the action."

3  "Federal courts are courts of limited jurisdiction. They possess only that power authorized
4  by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited
5  jurisdiction, and the burden of establishing the contrary rests upon the party asserting
6  jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation
7  omitted). There are two main bases to establish subject-matter jurisdiction in a case.

8  First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil
9  actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-
10 pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented
11 on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S.
12 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original
13 jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
14 $75,000, exclusive of interest and costs," and involves "citizens of different States." The
15 citizenship of an individual is "determined by her state of domicile, not her state of residence,"
16 with a domicile being the individual's "permanent home, where she resides with the intention to
17 remain or to which she intends to return." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th
18 Cir. 2001).

19 Here, Plaintiff alleges no facts to establish that the Court has subject-matter jurisdiction
20 over this action. Plaintiff's complaint indicates that the basis for the Court's jurisdiction is the
21 presence of a federal question but sets forth no facts in support. (ECF No. 1 at 3-4). Under the
22 section of the complaint instructing Plaintiff to set forth the basis for federal question jurisdiction,
23 Plaintiff states only, "civil rights violation, setups, murder, attempted murder, tort to make money
24 [illegible] Candace Smith legacy, harassment, calling Candace Smith a slave." (*Id.* at 4).

25 Additionally, Plaintiff has not established subject-matter jurisdiction based on complete
26 diversity of the parties and an amount in controversy exceeding $75,000, exclusive of interests
27 and costs. Plaintiff lists her address as Fresno, California, and names as defendants Jerry Dyer
28 and Margaret Mims, who are the Mayor of Fresno, California, and the former Sheriff of Fresno,

California, respectively.[2]

Accordingly, the Court concludes that it does not have subject-matter jurisdiction over this action.

**C. Dismissal Without Leave to Amend**

The Court further recommends dismissing this action without granting leave to amend.

Leave for a party to amend a complaint under Rule 15(a) of the Federal Rules of Civil Procedure "shall be freely given when justice so requires . . . and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation and internal quotation marks omitted).

The Court concludes that granting Plaintiff leave to amend in this action would be futile in light of Plaintiff's extensive history of deficient filings and repeated admonitions from the Court. Indeed, from a review of the Court's electronic filing system it appears that, in 2024 alone, Plaintiff has filed 17 cases in this District. Of these cases, 11 have either already been dismissed or are pending possible dismissal:

- *Smith v. Novoa*, No. 1:24-cv-00199-JLT-SKO (filed February 14, 2024; dismissed March 26, 2024, for lack of subject-matter jurisdiction and without further leave to amend);
- *Smith v. Cordoza*, No. 1:24-cv-00200-KES-BAM (filed February 14, 2024; dismissed October 11, 2024, for failure to comply with Federal Rule of Civil Procedure 8 and failure to establish Court's jurisdiction);
- *Smith v. Planet Fitness, et al.*, No. 1:24-cv-00203-JLT-HBK (filed February 15, 2024; dismissed August 2, 2024, for failure to comply with the Court's orders and failure to prosecute);
- *Smith v. McDonalds Incorporated, et al.*, No. 1:24-cv-00204-KES-SAB (filed February

---

[2] Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The decision to take judicial notice lies within a court's discretion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Accordingly, the Court takes judicial notice of the following web sources: City of Fresno Office of the Mayor, https://www.fresno.gov/mayor (lasted visited Nov. 25, 2024); Tony Botti, *Fresno County Sheriff Margaret Mims Announces Retirement; Will Finish Out 2022* (Feb. 18, 2022), https://www.fresnosheriff.org/media-relations/fresno-county-sheriff-margaret-mims-announces-retirement-will-finish-out-2022.html.

15, 2024; pending recommendation of dismissal, without further leave to amend, for failure to comply with Federal Rule of Civil Procedure 8 and failure to establish subject-matter jurisdiction);

- *Smith v. Novoa, et al.*, No. 1:24-cv-00221-KES-HBK (filed February 21, 2024; pending recommendation of dismissal, without further leave to amend, for being duplicative of filing *Smith v. Novoa*, No. 1:24-cv-00199-JLT-SKO and for lack of subject-matter jurisdiction);

- *Smith v. Novoa, et al.*, No. 1:24-cv-00251-KES-EPG (filed February 29, 2024; dismissed August 26, 2024, for failure to file a long form *in forma pauperis* application or pay filing fee);

- *Smith v. West Coast Hotel Management, LLC, et al.*, No. 1:24-cv-00586-KES-HBK (filed May 16, 2024; pending recommendation of dismissal for failure to prosecute)

- *Smith v. Kemper Insurance, et al.*, No. 1:24-cv-00587-JLT-SKO (filed May 16, 2024; pending recommendation of dismissal for failure to prosecute and failure to comply with Court's orders);

- *Smith v. Farmers Insurance, et al.*, No. 1:24-cv-00588-KES-BAM (filed May 16, 2024; pending motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction);

- *Smith v. Community Hospital, et al.*, No. 1:24-cv-00589-KES-BAM (filed May 16, 2024; pending recommendation of dismissal for failure to comply with Court's orders, lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted);

- *Smith v. Chick-Fil-A, et al.*, No. 1:24-cv-00814-JLT-BAM (filed July 15, 2024; pending recommendation of dismissal for failure to state a claim upon which relief can be granted and for failure to comply with Court's orders).

In light of the fact that Plaintiff has repeatedly been given the benefit of screening orders and findings and recommendations from the Court setting forth the applicable law and pleading standards, it thus appears that granting leave to amend in this action would be futile. Additionally, the Court has concluded that it lacks subject-matter jurisdiction over this action, and it does not appear that Plaintiff could cure this deficiency by submitting an amended complaint.

### IV.     CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, and the Court lacks subject-matter jurisdiction over this action. Further, the Court recommends that Plaintiff should not be granted leave to file an amended complaint in light of both Plaintiff's extensive history with deficient filings in this District and the apparent futility in doing so.

Based on the foregoing, **IT IS RECOMMENDED** as follows:

1. This action be dismissed, without prejudice and without leave to amend, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and lack of subject-matter jurisdiction.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections shall not exceed fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 26, 2024**            /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

7